UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| KEVIN GUYTON,<br> a/k/a KEVIN LENORRIS GUYTON,[1]<br><br> Petitioner,<br><br>v.<br><br>FRANCISCO J. QUINTANA,<br>*Warden*,<br><br> Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>5:15-CV-208-JMH<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Kevin Guyton is an inmate confined by the BOP in the Federal Medical Center, in Lexington, Kentucky.  Guyton has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the enhancement of his federal sentence under the United States Sentencing Guidelines ("U.S.S.G.").  Guyton has paid the $5.00 filing fee.  [R. 3]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts

---

[1] Guyton identifies himself as "Kevin Guyton," but the Bureau of Prisons' ("BOP") website identifies Guyton, BOP Register No. 75264-004, as "Kevin Lenorris Guyton."  *See* http://www.bop.gov/inmateloc/ (last visited on Aug. 20, 2015).  The Clerk of the Court will be instructed to list "Kevin Lenorris Guyton" as an alias designation for Guyton on the CM/ECF cover sheet.

(applicable to § 2241 petitions pursuant to Rule 1(b)).  Because
Guyton is not represented by an attorney, the Court evaluates
his petition under a more lenient standard.  *Erickson v. Pardus*,
551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th
Cir. 2003).  Thus, at this stage of the proceedings, the Court
accepts Guyton's factual allegations as true and liberally
construes his legal claims in his favor.

The Court has reviewed Guyton's § 2241 petition, but for
the reasons set forth below, determines that that it cannot
grant the relief which Guyton seeks, *i.e.*, an order granting him
immediate release from federal custody.

### GUYTON'S CRIMINAL CONVICTION
### AND PRIOR COLLATERAL CHALLENGES

On March 20, 2006, a federal jury in the Southern District
of Florida found Guyton guilty of a single count of distribution
of cocaine in violation of 21 U.S.C. § 841(a).  *United States v.
Guyton*, No. 05-CR-80135-DTKH-2 (S.D. Fla. 2005). Over Guyton's
objection, the district court considered Guyton's prior Florida
conviction for extortion as a valid predicate "crime of
violence" under the U.S.S.G., determined that he was a career
offender, and on July 18, 2006, sentenced Guyton to a 262-month
prison term.  [R. 99, therein]  On November 27, 2007, the
Eleventh Circuit Court of Appeals affirmed Guyton's conviction

2

and sentence, and the mandate issued on February 23, 2008.   [R. 111, therein]

On July 23, 2008, Guyton filed a motion in the district court seeking to vacate his conviction and sentence under 28 U.S.C. § 2255.  *Kevin Noriss Guyton*, No. 9:08-CV-80816-DTKH (S. D. Fla. 2008) [R. 1, therein][2]  Guyton argued that during the trial and at sentencing, he had received ineffective assistance of counsel.  Specifically, Guyton alleged that his trial counsel did not object to the district court's ruling permitting lay witness identification of his voice, nor did counsel object to the district court's failure to consider any of the factors in 18 U.S.C. § 3553(a) when determining that he (Guyton) was a career offender. On the latter claim, Guyton argued that his counsel failed to argue that his prior conviction for extortion did not constitute a "crime of violence" under the U.S.S.G.

On June 29, 2009, the Magistrate Judge issued a Report and Recommendation ("R & R") to deny Guyton's § 2255 motion, explaining therein that "the offense of 'extortion' is one of the specifically enumerated 'crimes of violence' under U.S.S.G. §§ 4B1.1, 4B1.2(a)(2)…."  [R. 17, p. 15, therein]  The district court adopted the R & R and denied Guyton's § 2255 motion on August 13, 2009.   [R. 24, therein; *see Kevin Norris Guyton v.*

---

[2] In that proceeding, Guyton's middle name was listed as "Norris," instead of Lenorris."

*United States*, 2009 U.S. Dist. LEXIS 742900 (S. D. Fla. Aug. 13, 2009) (not found in Westlaw)]

On January 28, 2011, the district court entered an order granting Guyton's application for a certificate of appealability as to two issues:  (1) whether Guyton had received ineffective counsel at sentencing based on his counsel's failure to:  (a) attack the validity of the prior state court extortion conviction, and (b) object to the use of the extortion conviction as a predicate offense for career offender enhancement under U.S.S.G. §§ 4B1.1; 4B1.2(a)(2); and (2) whether Guyton's Fifth Amendment due process rights had been violated by receiving an enhanced sentence based on one prior drug conviction.  [R. 44, therein, pp. 11-12]

In that order, the Court noted that Guyton's pre-sentence investigation report ("PSIR") contained information about Guyton's prior state court drug conviction and his prior state court extortion conviction, but that the extortion conviction information had not been included in the 21 U.S.C. § 851(a)(1) Information which the government filed at the beginning of Guyton's criminal proceeding.  [*Id.*, pp. 2-3, therein]  The district court further observed that at sentencing, Guyton's counsel admitted that Guyton had been convicted of the two predicate offenses identified in the PSIR, and that extortion is

a "specifically enumerated" predicate offender for career offender classification, but that he had also argued that the prior extortion conviction should not be used to enhance Guyton's sentence. [*Id*., pp. 2-3, therein] Toward the conclusion of its Order, the district court explained its decision to issue a certificate of appealability as follows: "…this case demands the closest scrutiny for it suggests the possibility that petitioner was sentenced to over twenty-one years in federal prison when his sentence should have been closer to two years, and where he has already spent over 5 years in prison." [*Id*. at p. 11, therein]

The government filed a motion [R. 46, therein] seeking reconsideration of the district court's order. The government argued that Guyton's prior extortion conviction met the generic definition of extortion and thus qualified as a predicate offense that supported Guyton's U.S.S.G. §4B1.1 career offender enhancement; that Guyton had failed to object to the statements contained in the PSIR; and that absent such an objection, the district court was free to rely on the statements contained in the PSIR for sentencing purposes. [*Id*.]

On February 24, 2011, the district court denied the government's motion for reconsideration. [R. 47, therein; see also *Kevin Norris Guyton v. United States*, No. 08-80816-CIV-

HURLEY, 2011 U.S. Dist. LEXIS 18500 (Feb. 24, 2011)(not found in

Westlaw)]  The district court stated, in relevant part:

> In the instant §2255 proceeding, however, petitioner's
> challenge to his sentencing enhancement is raised in a
> collateral attack through the vehicle of an
> ineffective assistance of counsel claim. In this
> context, where petitioner challenges the adequacy of
> counsel's objections to his career offender
> classification, the ineffective assistance claim
> necessarily touches upon the adequacy of counsel's
> objections to the PSR, and it is therefore not
> appropriate to extrapolate statements contained in the
> PSI as true for sentencing purposes. Had defense
> counsel timely objected to the portion of the PSR
> where the probation officer inserted a summary
> description of the extortion offense -- most likely
> derived from a police report -- as non-Shepard
> materials, the probation officer's synopsis would
> likely be inadmissible and the burden would have
> shifted to the government to prove the circumstances
> of the offense under the limitations of *Shepard*.

*Guyton*, 2011 U.S. Dist. LEXIS 18500, at **2-3.

The matter proceeded on appeal.  On November 22, 2011, the

Eleventh Circuit affirmed the denial of Guyton's § 2255 motion,

concluding that Guyton's trial counsel had not been ineffective

because the Florida extortion statute under which he had been

previously sentenced appeared to constitute one of the

enumerated crimes of violence set forth in § 4B1.2(a)(2) of the

U.S.S.G.  [R. 52, therein; *Guyton v. United States*, 447 F. App'x

136, 139-40 (11th Cir. 2011)]

In September 2013, Guyton filed in this Court a petition

for writ of habeas corpus under 28 U.S.C. § 2241, in which he

6

continued to argue that under *Begay*, his prior extortion conviction under Florida law did not constitute a valid predicate "crime of violence" under the U.S.S.G. *Kevin Guyton v Warden Francisco Quintana*, No. 5:13-CV-322-KKC (E. D. Ky. 2013) [R. 1, therein] ("Guyton's First § 2241 Petition")

This Court denied Guyton's First § 2241 Petition, explaining that he could not use § 2241 to challenge his 262-month sentence, because § 2241 can only be used to challenge an underlying conviction. [*Id.*, at R.4, pp. 2-3 therein; *see also Guyton v. Quintana*, No. 5:13-CV-322-KKC, 2014 WL 376444, at **1-2 (E.D. Ky. Feb. 3, 2014)] The Court next explained that because the *Begay* was rendered on April 16, 2008, Guyton could and should have asserted his *Begay* sentencing claim in his § 2255 motion; that he failed to do so; and that accordingly, Guyton could not for the first time assert his *Begay* claim in a § 2241 habeas petition. *Guyton*, 2014 WL 376444, at *2.

Finally, the Court concluded that even if Guyton could assert his *Begay* claim under § 2241, it was substantively meritless because extortion is one of the offenses specifically enumerated in § 4B1.2 (a)(2) as a "crime of violence." *Id*. at *4. Citing the Eleventh Circuit's 2011 opinion in Guyton's § 2255 appeal, the Court concluded that the language of the Florida extortion under which Guyton was convicted substantially

corresponded to "generic" extortion for purposes of sentence enhancement under U.S.S.G. § 4B1.2(a)(2).  *Id.*

### CLAIMS ASSERTED IN THE CURRENT § 2241 PETITION

In Guyton's current § 2241 petition, he again argues that he received ineffective assistance of counsel at sentencing, stating that "Counsel failed to challenge validity of PSR investigative report."  [R. 1, p. 7, § 13(a)]  Guyton further states that in his PSIR, the probation officer included inadmissible information and/or comments summarizing his prior extortion offense; that the Florida district court improperly considered the probation officer's summary set forth in the PSIR; that based on this inadmissible information, the district court imposed a 262-month sentence instead of a 33-month sentence; and that at sentencing, his counsel failed to object to the inadmissible portion of the PSIR.  [*Id.*, p. 8, § 14]

Guyton indicates that the Eleventh Circuit has decided a case which holds that the district court's use of such an inadmissible summary in a PSIR constitutes error, and that in his case, the district court committed such an error by considering the probation officer's summary description of his prior extortion offense.  [*Id.*]  On that issue, Guyton states,

"See attached opinion of Court of Appeals 2011 U.S. Dist. Lexis 18500-Guyton v. U.S. Feb. 24, 2011."  [*Id*. p. 6, § 13][3]

In his § 2241 petition, Guyton seeks an order immediately releasing him from federal custody, on the grounds that the 262-month federal sentence which he is currently serving is grossly excessive.  [*Id*., p. 8]

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence).  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit explains the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by
> federal prisoners that seek to challenge their
> convictions or imposition of their sentence shall be

---

[3] Guyton also references a printed, one-paragraph excerpt from a case which he identifies as "KEVIN NORRIS GUYTON V. UNITED STATES OF AMERICA, 2009 U.S. District Court LEXIS 74290."  [*Id*., p. 10]  The citation which Guyton provided is incorrect; the specific textual passage which Guyton cites is actually found in "2011 U.S. Dist. LEXIS 18500, **2-3."  That opinion is, of course, the Florida district court's Order of February 24, 2011, in which it denied the government's motion to reconsider the issuance of a certificate of appealability in Guyton's § 2255 proceeding.  The citation of "2009 U.S. District Court LEXIS 74290" which Guyton incorrectly ascribes to the excerpted text is actually the LEXIS citation to the Florida district court's Order of on August 13, 2009, which denied Guyton's § 2255 motion.

> filed in the [jurisdiction of the] sentencing court
> under 28 U.S.C. § 2255, and that claims seeking to
> challenge the execution or manner in which the
> sentence is served shall be filed in the court having
> jurisdiction over the prisoner's custodian under 28
> U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

In Guyton's current § 2241 petition--as was the case in Guyton's First § 2241 Petition--Guyton is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility, issues which clearly fall under the purview of § 2241. Instead, Guyton contends that his sentence, which was enhanced under the U.S.S.G. based on his prior extortion conviction, violates his due process constitutional rights; that at sentencing his counsel failed to make proper objections to allegedly inadmissible information contained in his PSIR; and that based on these alleged sentencing errors, he should immediately be released from federal custody.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is

found to be inadequate or ineffective.  *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner either fails to seize an earlier opportunity to correct a fundamental defect in conviction under pre-existing law, or where he actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief.  *Id.*  "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Id.*

Further, a federal prisoner proceeding under § 2241 can invoke the savings clause of § 2255 only if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  An actual innocence claim can proceed under § 2241 only when it is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).

Here, Guyton claims that his counsel failed to object to summary of his prior state court extortion conviction which was contained in his PSIR, and that based on his counsel's alleged omission, the district court determined that he was a career criminal under the U.S.S.G. and imposed a grossly excessive prison sentence.  As authority for his argument that he is entitled to relief from his sentence under § 2241 based on his

counsel's allegedly deficient assistance, Guyton partially cites two different cases.

The first case which Guyton lists is "2011 U.S. Dist. LEXIS 18500". [R. 1, p. 6]   That case is the LEXIS citation to the Florida district court's Order of February 24, 2011, in which it denied the governments' objection to the issuance of a certificate of appealabilty.   The second case which Guyton identifies is "2009 U.S. District Court LEXIS 74290." [*Id.*, p. 10]   That case is the LEXIS citation to the Florida district court's Order of August 13, 2009, in which it adopted the R & R and denied Guyton's § 2255 motion.

But as explained herein, all of the matters set forth in those two orders, which included Guyton's current claim that his counsel was ineffective at sentencing for failing to object to an erroneous entry in the PSIR, proceeded to the Eleventh Circuit Court of Appeals for review.   As also set forth herein, on November 22, 2011, the Eleventh Circuit ruled against Guyton on that very issue, after having considered and analyzed all of the sentencing claims which he had raised on appeal, and the district court's order issuing a certificate of appealability. *See Guyton*, 447 F. App'x 136.   The Eleventh Circuit explained that Guyton did not object to his career offender enhancement on due process grounds at his sentence hearing and did not raise

12

the issue on direct appeal of his sentence; that Guyton did not establish ineffective assistance of counsel in his § 2255 motion; and that Guyton's claims alleging actual innocence of his career offender enhancement lacked substantive merit. *Id.*, at 140-41. The Eleventh Circuit's ruling thus **squarely** disposes of the claims which Guyton asserts in this § 2241 proceeding.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. In this § 2241 proceeding, however, Guyton does nothing more than re-assert and rehash the same Sixth Amendment ineffective assistance of counsel claims that he previously raised in his § 2255 proceeding and which the Eleventh Circuit rejected on November 22, 2011. *See Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

As for establishing an actual innocence claim, Guyton faces the same obstacle which existed on February 3, 2014, when this

13

Court denied Guyton's First § 2241 Petition:   he asserts a
challenge to his enhanced *sentence*.   The Sixth Circuit has never
extended to savings clause to a § 2241 petitioner who challenges
only the enhancement of his sentence.

In fact, the Sixth Circuit has repeatedly held (and in no
uncertain terms):   "Claims alleging 'actual innocence' of a
sentencing enhancement cannot be raised under § 2241."   *Jones v.
Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also
Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013)
("The savings clause under § 2255(e) does not apply to
sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502
(6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287,
288 (6th Cir. 2012) (holding that prisoner's challenge to his
sentencing enhancement was not cognizable under § 2241);
*Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012)
(same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012)
("[C]laims of sentencing error may not serve as the basis for an
actual innocence claim").

In this § 2241 proceeding, Guyton does not challenge his
underlying drug conviction; he instead challenges only the
*length* of his sentence, claiming that his 262-month sentence is
excessive based on alleged errors by both his trial counsel and
the district court.   Because Guyton asserts a sentencing claim,

14

and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences, Guyton has not alleged a valid actual innocence claim that is cognizable under § 2241. Therefore, his § 2241 petition must be denied.

Guyton also fails to cite any case which applies retroactively to cases on collateral appeal, (such as his § 2241 petition). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). As discussed, neither of the cases which Guyton cites in his § 2241 petition support the claims which he advances in this habeas proceeding.

Finally, to the extent that Guyton continues to allege that he received ineffective assistance of counsel at sentencing, and that but for the alleged ineffective assistance of counsel he would not have received an excessive sentence, the Court construes his claim as one falling under *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012).[4] However, these cases do not

---

[4] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). *Frye*, 132 S. Ct.

assist Guyton because (1) they are not factually applicable, and (2) they do not announce a new constitutional rule, which means that they do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738-39 (6th Cir. 2013) (following other appellate courts which held that neither *Frye* nor *Lafler* applied retroactively to cases on collateral review).

Thus, the Court now reaches the same result in this proceeding as it did when it denied Guyton's First § 2241 Petition. For the reasons set forth above, Guyton has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he demonstrated that he is actually innocent of the underlying drug offense of which he was convicted. Because Guyton is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall LIST "Kevin Lenorris Guyton" as an alias designation for Petitioner Kevin Guyton on the CM/ECF cover sheet.

---

at 1408. In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*.

2.   Guyton's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

3.   The Court will enter an appropriate Judgment; and

4.   This 28 U. S. C. § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This August 21, 2015.

 **Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**